IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER G. ROGERS,
    Plaintiff,

vs.                                    Case No.: 3:08cv281/MCR/EMT

JUDGE ROBERT BARRON, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 8).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d

929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at the Okaloosa County Department of Corrections (Jail) (Doc. 1 at 2). He names three Defendants in this action, Judge Robert Barron, a Circuit Judge in the Circuit Court for Okaloosa County, Florida, who is presiding over Plaintiff's criminal case; Amanda Gordon, the Assistant State Attorney prosecuting Plaintiff's criminal case; and Michael Flowers, an attorney who was appointed by the court to represent Plaintiff in the state criminal proceeding (*id.* at 1, 2). Plaintiff states that on December 23, 2001, a criminal investigation began regarding an "accident" that occurred on that date (*id.* at 5). On August 14, 2006, while Plaintiff was incarcerated on another charge, he was advised that a detainer had been lodged against him by the Okaloosa County Sheriff's Office (*id.*). Plaintiff filed a motion for speedy trial and transportation to Okaloosa County, but the motion was denied (*id.*). On April 4, 2007, Plaintiff was arrested for an alleged offense relating to the "accident" that occurred on December 23, 2001 (*id.*). He was released on bond on April 27, 2007 (*id.*). Plaintiff's criminal trial has been repeatedly continued due to the State Attorney's lack of witnesses and other evidence (*id.*). Plaintiff was again taken into custody on January 15, 2008 (*id.* at 6). On January 22, 2008, Plaintiff's attorney, Mr. Flowers, "refused to mount a defense," so Plaintiff agreed to a plea bargain (*id.*). On February 25, 2008, Judge Barron gave State Attorney Gordon twenty days to produce information from witnesses at the scene of the "accident" (*id.* at 6). On March 24, 2008, Judge Barron stated he could not sentence Plaintiff based upon the evidence in the record, and he permitted Plaintiff to withdraw his guilty plea (*id.*). Plaintiff alleges Mr. Flowers still "refuses to mount a defense" and has not kept in contact with him (*id.*). On April 15, 2008, Judge Barron denied Plaintiff's motion to reinstate bond, and therefore, Plaintiff remains incarcerated at the Jail (*id.*). Plaintiff claims that Defendants have violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (*id.* at 7). As relief, Plaintiff seeks "any and all relief the court deems necessary and appropriate" (*id.*).

Initially, Plaintiff cannot state a federal claim against Attorney Michael Flowers. To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). It is well established that attorneys appointed by the court to represent indigent criminal defendants do not act under color of state law when they represent clients. Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990). Therefore, Plaintiff has failed to allege any fact that could potentially lead to liability under § 1983 as to Attorney Michael Flowers. Accordingly, Plaintiff's claims against this Defendant should be dismissed.

Additionally, Plaintiff's claims for monetary damages against Judge Barron and Assistant State Attorney Gordon in their official capacities are barred by the Eleventh Amendment. It is well established that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against Judge Barron and Assistant State Attorney Gordon to the extent they are sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, Plaintiff's claims for monetary damages against these Defendants in their official capacities should be dismissed.

Additionally, Plaintiff cannot maintain an action for monetary damages against Judge Barron in his individual capacity because a judge acting in his judicial capacity is absolutely immune from suits for monetary damages. See Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980);

*see also* Sun v. Forrester, 939 F.2d 924, 925–26 (11th Cir. 1991). This immunity applies to claims for nominal damages. Simmons v. Conger, 86 F.3d 1080, 1084–85 (11th Cir. 1996). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355-357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his

jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power.  Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiff complains, specifically, Judge Barron's continuance of the trial date, denial of Plaintiff's motion to reinstate bond, and any similar matters concerning the conduct of the case, are functions normally performed by a judge.  Furthermore, as Plaintiff is a party in the case over which Judge Barron is presiding, he is dealing with Judge Barron in his judicial capacity.  Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Barron acted in the complete absence of all jurisdiction.  Therefore, Judge Barron is immune from liability for monetary damages.

Plaintiff's claims for monetary damages against Assistant State Attorney Gordon in her individual capacity are barred by the doctrine of prosecutorial immunity.  A prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government.  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004); *see also* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").  Immunity extends to charging a defendant without probable cause.  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).  Under these principles, Assistant State Attorney Gordon's conduct in pursuing the prosecution despite Plaintiff's claim of insufficient evidence clearly falls within the prosecutorial role; thus, Defendant Gordon is immune from Plaintiff's claims for monetary damages.

Finally, to the extent Plaintiff seeks declaratory and injunctive relief, he is not entitled to such relief.  In order to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.  *See* Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citations omitted).  There is an adequate remedy at law for the violations alleged by Plaintiff in his complaint.  Specifically, Plaintiff may appeal any rulings, or actions taken, in his criminal case to the Florida First District Court of Appeal.  In addition, Plaintiff may seek an extraordinary writ such

as a writ of mandamus in that higher state court.  *See* Fla. R. App. P. 9.030(b)(3), 9.100.  Because there is an adequate remedy at law, Plaintiff is not entitled to declaratory or injunctive relief in this case.  *See* Bolin, 225 F.3d at 1242–43 (plaintiffs who brought civil rights action seeking injunctive and declaratory relief against numerous federal judges and prosecutors, based upon claims of "perjury by a government witness before a grand jury, capricious prosecution, denial of the right to have a disinterested prosecutor, withholding of Brady material, and judicial dishonesty" in their criminal trials, were not entitled to declaratory or injunctive relief because plaintiffs could appeal any rulings, or actions taken, in their criminal cases not only to the Eleventh Circuit Court of Appeals but also to the Supreme Court, and plaintiffs could additionally seek an extraordinary writ such as a writ of mandamus in either the Eleventh Circuit or the Supreme Court, pursuant to 28 U.S.C. § 1651).  Because an adequate remedy at law is available to Plaintiff, he may not obtain declaratory or injunctive relief in this case

A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003).  In the instant case, the complaint discloses that recovery on Plaintiff's claims against each Defendant is barred.  Additionally, amendment of the complaint could not create claims that could survive the defenses discussed herein.  Therefore, the district court is authorized to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See, e.g.,* Sibley v. Lando, 437 F.3d 1067 (11th Cir. 2005) (affirming denial of motion to amend complaint and dismissal of claims against judges where amendment of complaint would not create claims that could survive judicial immunity defense).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).

At Pensacola, Florida this 8<u>th</u> day of August 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).